UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>ALL PETROLEUM-PRODUCT CARGO ABOARD THE ACHILLEAS WITH INTERNATIONAL MARITIME ORGANIZATION NUMBER 9398072,<br><br>        Defendant In Rem, and<br><br>ALAN HAYMAN, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SHIRLEE HAYMAN,<br><br>        Claimant. | Civil Action No. 1:21-cv-00305-PLF |

## VERIFIED CLAIM

Claimant Alan Hayman, on behalf of the Estate of Shirlee Hayman ("Claimant"), hereby submits this verified claim pursuant to Rule G(5) of the Supplemental Rules for Admiralty for Maritime Claims and Asset Forfeiture Actions, and to assert an interest in the Defendant Property defined in the United States' Verified Complaint for forfeiture *in rem* filed with this Court on February 2, 2021, as "all petroleum-product cargo (the 'Defendant Property') aboard the M/T ACHILLEAS (International Maritime Organization ('IMO') No. 9398072) (the 'ACHILLEAS')." Claimant's interest in the Defendant Property includes an interest in the substitute res in this matter, described in the Notice of Filing Accounting of Interlocutory Sale filed with this Court on April 30, 2021, as "the net proceeds of the interlocutory sale of" the Defendant Property. This verified

claim is based on Claimant's personal knowledge, information contained on the public docket for this matter, and information from Claimant's counsel. Claimant's interest is described as follows:

## BACKGROUND

1. Claimant holds a judgment (the "Judgment") against the Islamic Republic of Iran ("Iran"). The Judgment was entered by the United States District Court for the District of Columbia on August 31, 2006. Judgment, *Greenbaum v. Islamic Republic of Iran*, Civil Action No. 1:02-cv-02148-RCL, Dkt. No. 31 (D.D.C. Aug. 31, 2006). The Judgment was revived on April 12, 2019. Order, *Greenbaum v. Islamic Republic of Iran*, Civil Action No. 1:02-cv-02148-RCL, Dkt. No. 57 (D.D.C. Apr. 12, 2019).

2. The Judgment against Iran is based on claims for which Iran is not immune under section 1605(a)(7) (as such section was in effect on January 27, 2008) of title 28, United States Code. *Greenbaum v. Islamic Republic of Iran*, 451 F. Supp. 2d 90, 101 (D.D.C. 2006).

3. The Judgment awarded Claimant $5,000,000 in compensatory damages. The Judgment remains outstanding. Specifically, after accounting for post-judgment interest and reducing for recoveries obtained to date, as of December 31, 2023, Claimant is entitled to compensatory damages of at least $6,459,006.33. Claimant is also entitled to additional post-judgment interest on the Judgment, which continues to accrue pursuant to 28 U.S.C. § 1961.

4. Claimant previously obtained writs of execution and attachment relating to the Defendant Property, which were issued by the Honorable Royce C. Lamberth. Claimant's writs were subsequently quashed and that decision was upheld on appeal. *See Greenbaum v. Islamic Republic of Iran*, 67 F.4th 428 (D.C. Cir. 2023). This claim is not based any pre-existing writ, but is instead based solely on applicable federal laws, as set forth in more detail below.

## **CLAIMANT'S INTEREST IN THE DEFENDANT PROPERTY**

5. Claimant's interest in the Defendant Property is based on the Judgment and section 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. 107-297, Title II, § 201, 116 Stat. 2337, 2339 (28 U.S.C. § 1610 note).

6. Section 201(a) of the TRIA states:

> Notwithstanding any other provision of law, and except as provided in subsection (b) [of this note], in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605A or 1605(a)(7) (as such section was in effect on January 27, 2008) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.

7. All of the requirements of Section 201(a) of TRIA are satisfied. Accordingly, Claimant is entitled to satisfy the Judgment with the Defendant Property.

8. First, Iran is a "terrorist party" under the TRIA because Iran is, and has been since 1984, "a foreign state designated as a state sponsor of terrorism." TRIA § 201(d)(4); *see also* Determination Pursuant to Section 6(i) of the Expert Administration Act of 1979—Iran, 49 Fed. Reg. 2836-02 (Jan. 23, 1984).

9. Second, as stated in paragraph 2 above, the Judgment was obtained against Iran on a claim for which Iran was not immune under section 1605A or 1605(a)(7) (as such section was in effect on January 27, 2008) of title 28, United States Code.

10. Third, Claimant is seeking the satisfy the Judgment, which is an award of compensatory damages for which Iran has been adjudged liable.

11. Fourth, the Defendant Property is a blocked asset of Iran's or of an agency or instrumentality of Iran.

12. The Defendant Property is subject to forfeiture because it is an asset of the Islamic Revolutionary Guard Corps ("IRGC") and the IRGC Quds Force ("IRGC-QF"). Verified Complaint, Dkt. No. 1 ¶ 42. The IRGC and the IRGC-QF are each divisions or arms of the state of Iran and thus are treated as Iran itself. *See Rimkus v. Islamic Republic of Iran*, 575 F. Supp. 2d 181, 194 (D.D.C. 2008) ("IRGC [is] considered to be a division of [the] state of Iran."); *Salazar v. Islamic Republic of Iran*, 370 F. Supp. 2d 105, 117 (D.D.C. 2005) (same); *see also Flanagan v. Islamic Republic of Iran*, 87 F. Supp. 3d 93, 104 (D.D.C. 2015) (IRGC-QF "is the branch of the IRGC generally charged with 'foreign operations'").

13. Even if the IRGC and the IRGC-QF are not deemed to be Iran itself, they are indisputably agencies or instrumentalities of Iran. An entity qualifies as an agency or instrumentality of a terrorist party under the TRIA if it "(1) was a means through which a material function of the terrorist party is accomplished, (2) provided material services to, on behalf of, or in support of the terrorist party, or (3) was owned, controlled, or directed by the terrorist party." *Kirschenbaum v. 650 Fifth Ave. & Related Props.*, 830 F.3d 107, 135 (2d Cir. 2016); *see also Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 732 (11th Cir. 2014).

14. The IRGC-QF is "the Government of Iran's primary foreign action arm for executing its policy of supporting terrorist organizations and extremists groups around the world." *Treasury Sanctions Five Individuals Tied to Iranian Plot to Assassinate the Saudi Arabian Ambassador to the United States*, U.S. Dep't of the Treasury (Oct. 11, 2011), https://home.treasury.gov/news/press-releases/tg1320; *see also* Dkt. No. 1 ¶ 8 ("The IRGC-QF is a branch of the IRGC that specializes in unconventional warfare and military intelligence

operations."). The IRGC-QF is therefore a means through which a material function of Iran is accomplished, provides material services to Iran, and is controlled by Iran.

15. The IRGC also satisfies all three of the applicable criteria for agency or instrumentality status because it has engaged in activities "to assist in, sponsor, or provide financial, material, or technological support for, or financial or other services to or in support of, the IRGC-QF," and it has also "provided material support to the IRGC-QF, including by providing training, personnel, and military equipment." *Treasury Designates the IRGC under Terrorism Authority and Targets IRGC and Military Supporters under Counter-Proliferation Authority*, U.S. Dep't of the Treasury (Oct. 13, 2017), https://home.treasury.gov/news/press-releases/sm0177; *see also* Dkt. No. 1 ¶ 6 ("The IRGC is a branch of the Iranian Armed Forces whose purpose is to defend the country's political system."). Accordingly, like the IRGC-QF, the IRGC is a means through which a material function of Iran is accomplished, provides material services to Iran, and is controlled by Iran.

16. Even assuming a different entity, such as Fujairah International Oil and Gas Company ("FIOGC") or Benchmark Ship Management ("Benchmark"), is deemed the titled owner of the Defendant Property, they too would qualify as Iran or an agency or instrumentality of Iran under the TRIA. According to the Verified Complaint, "Benchmark is a front company setup by the IRGC-QF to handle illicit oil sales conducted by FIOGC on their behalf," and, on multiple occasions, "Benchmark has made arrangements . . . to purchase Iranian crude oil from IRGC controlled entities." Dkt. No. 1 ¶¶ 37-38. Because Benchmark and/or FIOGC are acting as front companies for, at minimum, the IRGC-QF, they are also deemed to be Iran or one of its agencies or instrumentalities for purposes of the TRIA. *See Kirschenbaum v. Assa Corp.*, 934 F.3d 191, 198 (2d Cir. 2019) (holding that a front company for Bank Melli, a bank wholly owned

by the government of Iran, qualified as "Iran" for purposes of the TRIA because they "are owned and controlled by Iran").

17. As for the requirement that the Defendant Property be a "blocked asset," that requirement is also satisfied here. The TRIA defines "blocked assets" as "any asset seized or frozen by the United States" under certain executive orders or regulations. TRIA § 201(d)(2)(A); *see also Estate of Heiser v. Islamic Republic of Iran*, 807 F. Supp. 2d 9, 18 n.6 (D.D.C. 2011). The Defendant Property has been seized or frozen under multiple qualifying executive orders and regulations.

18. All of Iran's property, including the property of its agencies and instrumentalities, is blocked under Executive Order 13,599 and related regulations. *See* Blocking Property of the Government of Iran and Iranian Financial Institutions, 77 Fed. Reg. 6659, § 1(a) (Feb. 5, 2012); *see also* 31 C.F.R. Part 560.

19. In addition, the IRGC and the IRGC-QF have each been designated under multiple qualifying executive orders and related regulations, including: Executive Order 13,224; Executive Order 13,553; and Executive Order 13,848. *See* Additional Designation of Two Entities Pursuant to Executive Order 13224, 72 Fed. Reg. 65,837 (Nov. 23, 2007) (designating the IRGC-QF); Notice of OFAC Sanctions Actions, 82 Fed. Reg. 48,591 (Oct. 18, 2017) (designating the IRGC); Designation of Three Entities and One Individual Pursuant to Executive Order 13553, 76 Fed. Reg. 34,805 (June 4, 2011) (designating the IRGC); Notice of OFAC Sanctions Actions, 85 Fed. Reg. 26,520 (May 4, 2020) (designating the IRGC-QF); Exec. Order 13,848, 83 Fed. Reg. 46,843 (Sept. 12, 2018); Notice of OFAC Sanctions Actions, 85 Fed. Reg. 68,412 (Oct. 28, 2020) (designating IRGC and IRGC-QF). Their property is also blocked by 31 C.F.R. Part 561. *See* 31 C.F.R. § 561.202. And the IRGC-QF's property is separately blocked by

yet another qualifying executive order: Executive Order 13,572. *See* Exec. Order 13,572, § 1(a) & Annex, 76 Fed. Reg. 24,787 (Apr. 29, 2011). This is not intended as an exhaustive list of all applicable executive orders and regulations seizing or freezing the Defendant Property.

20. Finally, to the extent some other provision of law conflicts with the scope of the TRIA, *see, e.g.*, 18 U.S.C. § 983(d)(6)(B)(i), the "notwithstanding" clause in section 201(a) of the TRIA operates such "that the TRIA prevails over [any such] conflicting provisions of law." *Greenbaum v. Islamic Republic of Iran*, 67 F.4th 428, 433 (D.C. Cir. 2023).

*    *    *

21.     For all the reasons stated above, Claimant has a legally cognizable interest in, and valid claim to, so much of the Defendant Property as is necessary to fully satisfy the Judgment. Claimant's right to, title to, and interest in the Defendant Property is superior to any right to, title to, or interest in the Defendant Property held by the United States. Accordingly, Claimant is entitled to so much of the Defendant Property as is necessary to fully satisfy the outstanding amount of the Judgment at the time of execution, in an amount to be determined at the time of execution and in no event less than the existing outstanding amount of the Judgment, as set forth above in paragraph 3.

| | |
|---|---|
| New York, New York | Respectfully submitted, |
| | /s/ Patrick N. Petrocelli |
| | James L. Bernard (NY0393) |
| | Patrick N. Petrocelli (NY0399) |
| | Samuel H. Dougherty* |
| | HOGAN LOVELLS US LLP |
| | 390 Madison Avenue |
| | New York, NY 10017 |
| | Tel.: (212) 918-3000 |
| | Fax: (212) 918-3100 |
| | james.bernard@hoganlovells.com |
| | patrick.petrocelli@hoganlovells.com |
| | sam.dougherty@hoganlovells.com |
| | *Counsel for Claimant* |
| | **Pro hac application forthcoming* |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>ALL PETROLEUM-PRODUCT CARGO ABOARD THE ACHILLEAS WITH INTERNATIONAL MARITIME ORGANIZATION NUMBER 9398072,<br><br>  Defendant In Rem, and<br><br>ALAN HAYMAN, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SHIRLEE HAYMAN,<br><br>  Claimant. | Civil Action No. 1:21-cv-00305-PLF |

**VERIFICATION**

I, Alan Hayman, on behalf of the Estate of Shirlee Hayman (the "Estate"), declare under penalty of perjury under the laws of the United States of America that I have authority to act on behalf of the Estate, and that the foregoing Verified Claim is true and correct to the best of my knowledge, information, and belief.

Executed on _January_, _24_, 2024, in _Ramat Beit Shemesh, Israel_.

_____
Alan Hayman, on behalf of the Estate of
Shirlee Hayman