UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>ALL PETROLEUM-PRODUCT CARGO ABOARD THE ACHILLEAS WITH INTERNATIONAL MARITIME ORGANIZATION NUMBER 9398072,<br><br>Defendant In Rem,<br><br>FUJAIRAH INTERNATIONAL OIL & GAS CORPORATION,<br><br>Claimant,<br><br>- and -<br><br>STEVEN M. GREENBAUM, et al.,<br><br>Claimants. | Civil Action No. 21-0305 (PLF) |

MEMORANDUM OPINION AND ORDER

Pending before the Court is movant Billy G. Asemani's Motion to Intervene Pursuant to Rule 24 of the F.R.C.P. ("Mot.") [Dkt. No. 80]. Mr. Asemani, proceeding pro se, seeks to intervene as a claimant in this forfeiture action pursuant to Rule 24 of the Federal Rules of Civil Procedure. A third party claiming an interest in the defendant property in a civil forfeiture action must proceed in accordance with the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"). See United States v.

All Assets Held at Bank Julius Baer & Co., 743 F. Supp. 3d 204, 217 (D.D.C. 2024). Because Mr. Asemani has not complied with the Supplemental Rules, the Court will deny his motion.

## I. BACKGROUND

This in rem forfeiture action arises out of a federal investigation into the transportation and sale of oil products for the benefit of sanctioned entities of the Islamic Republic of Iran. See United States' Verified Amended Complaint for Forfeiture In Rem [Dkt. No. 61] ¶ 1. At issue is oil cargo formerly aboard a vessel called the M/T Achilleas (the "Defendant Property"), which "originated from oil terminals in Iran." Id. The United States alleges that the petroleum cargo "is subject to seizure and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(G)(1)." Id. ¶ 2.

On May 21, 2026, Mr. Asemani moved to intervene in this civil forfeiture action as an "interested party" pursuant to Rule 24 of the Federal Rules of Civil Procedure. Mot.; see FED. R. CIV. P. 24. He suggests that his interest in this case arises from a separate action that he filed in the Southern District of Florida. See Mot. (citing Asemani v. Office of Foreign Assets Control, Civil Action No. 26-14051 (S.D. Fla.)). Magistrate Judge Maynard dismissed that action without prejudice for failure to state a claim about a month before Mr. Asemani filed his motion in this Court. See United States' Opposition to Billy G. Asemani's Motion to Intervene ("Opp.") [Dkt. No. 81] at Ex. 1; Order, Asemani v. Office of Foreign Assets Control, Civil Action No. 26-14051, at 5-9 (S.D. Fla. Apr. 29, 2026), Dkt. No. 16. Mr. Asemani states that he will address his purported interest in the Defendant Property through a memorandum that he will file "[a]t a follow-up juncture." Mot.

The United States filed an opposition to Mr. Asemani's motion on June 17, 2026. See Opp. As of the date of this Memorandum Opinion and Order, Mr. Asemani has not filed a

reply in further support of his motion. Mr. Asemani also has not filed an answer to the United States' verified complaint.

## II. LEGAL STANDARD

Civil forfeiture actions "are governed by the procedures set forth in 18 U.S.C. § 983 and the Supplemental Rules . . . , a subset of the Federal Rules of Civil Procedure." United States v. All Assets Held at Bank Julius Baer & Co., 743 F. Supp. 3d at 217. "When the government files a complaint for forfeiture, 'any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules." Id. (quoting 18 U.S.C. § 983(a)(4)(A)); see FED. R. CIV. P. SUPP. R. G(5)(a)(i). "Courts generally expect claimants to adhere strictly to" the requirements of the Supplemental Rules. United States v. All Assets Held at Bank Julius Baer & Co., 743 F. Supp. 3d at 217.

Pursuant to Supplemental Rule G(5), a claimant asserting "an interest in the defendant property" must file a claim that: (1) "identif[ies] the specific property claimed"; (2) "identif[ies] the claimant and state[s] the claimant's interest in the property"; (3) "[is] signed by the claimant under penalty of perjury;" and (4) "[is] served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D)." FED. R. CIV. P. SUPP. R. G(5)(a). In addition, "[a] claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." FED. R. CIV. P. SUPP. R. G(5)(b). "The only way for a third party to intervene in a civil forfeiture case is to file a claim to the property and an answer to the Government's complaint pursuant to [Supplemental] Rule G(5)." United States v. All Assets Held at Bank Julius Baer & Co., 743 F. Supp. 3d at 217 (alteration in original) (quoting Stefan D. Cassella, ASSET FORFEITURE LAW IN THE UNITED STATES § 7-13(a), at 371 (3d ed. 2022)); see

also United States v. Fifty-Three Virtual Currency Accts., Civil Action No. 20-2227 (RC), 2025 WL 2732705, at *3 (D.D.C. Sep. 25, 2025) ("To contest forfeiture, a claimant must file a verified claim and an answer pursuant to Supplemental Rule G(5)."). The verified claim and answer establish a claimant's statutory standing to contest forfeiture, and a party who does not file either may not participate in the litigation. See United States v. Fifty-Three Virtual Currency Accts., 2025 WL 2732705, at *3.

## III. DISCUSSION

Mr. Asemani seeks to intervene in this action under Rule 24 of the Federal Rules of Civil Procedure. See Mot. As noted above, however, "[t]he only way for a third party to intervene in a civil forfeiture case is to file a claim to the property and an answer to the Government's complaint pursuant to [Supplemental] Rule G(5)." United States v. All Assets Held at Bank Julius Baer & Co., 743 F. Supp. 3d at 217. "[P]utative claimants have no separate right to intervene under Rule 24 of the Federal Rules of Civil Procedure." Id.; see also Minute Order, United States v. $12,973,529 in Funds on Deposit at the U.S. Treasury, Account No. Xxxx1883, Civil Action No. 26-0802 (DLF) (D.D.C. June 1, 2026) (denying a motion to intervene under Rule 24 because "Rule G(5)(a), which sets forth the requirements for potential claims, does not contemplate motions to intervene as a plaintiff").

Even construing Mr. Asemani's motion to intervene—favorably to him—as a claim under Supplemental Rule G(5), that claim does not comply with the Supplemental Rules in at least two ways. First, Mr. Asemani does not "assert an interest in the specific property named as a defendant." United States v. Fifty-Three Virtual Currency Accts., 2025 WL 2732705, at *3; see FED. R. CIV. P. SUPP. R. G(5)(a)(i)-(ii). Instead, Mr. Asemani's one-page motion merely asserts that he will address "his claim to a portion of the properties that are the subject of

the forfeiture request" at a "follow-up juncture." Mot. To be sure, "where claimants are proceeding pro se, courts may excuse some minor procedural failings so long as 'the underlying goals of' the Supplemental Rules 'are not frustrated.'" United States v. All Assets Held at Bank Julius Baer & Co., 664 F. Supp. 2d 97, 102 (D.D.C. 2009) (quoting United States v. Funds from Prudential Secs., 300 F. Supp. 2d 99, 104 (D.D.C. 2004)). But as the government correctly points out, Mr. Asemani's "failure to assert any interest in the defendant property is not a minor procedural error—it is a material deficiency frustrating the purpose of [Supplemental] Rule (G)(5)." Opp. at 5. "[T]he less stringent standard for pro se litigants does not allow them to simply disregard the applicable [rules]." United States v. All Assets Held at Bank Julius Baer & Co., 664 F. Supp. 2d at 102 (quoting United States v. Funds from Prudential Secs., 362 F. Supp. 2d 75, 82 (D.D.C. 2005)).

Second, Mr. Asemani has not filed an answer to the verified complaint. See United States v. All Assets Held at Bank Julius Baer & Co., 664 F. Supp. 2d at 102. Pursuant to Supplemental Rule G(5), Mr. Asemani was required to file an answer or a motion under Rule 12 of the Federal Rules of Civil Procedure "within 21 days after filing the claim." FED. R. CIV. P. SUPP. R. G(5)(b). Mr. Asemani filed his claim on May 21, 2026, see Mot., meaning that he was required to file an answer or Rule 12 motion on or before June 11, 2026. He has not done so. As this Court previously has explained, such a "failing [is] dispositive," even when the putative claimant is proceeding pro se. United States v. All Assets Held at Bank Julius Baer & Co., 664 F. Supp. 2d at 102.

In sum, Mr. Asemani has failed to comply with the requirements of Supplemental Rule G, which provides the exclusive means of contesting forfeiture. The Court therefore will deny his motion to intervene.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Mr. Asemani's Motion to Intervene [Dkt. No. 80] is DENIED.

SO ORDERED.

Paul L. Friedman

PAUL L. FRIEDMAN
United States District Judge

DATE: 8/28/26