UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALL PETROLEUM-PRODUCT CARGO ABOARD THE ACHILLEAS WITH INTERNATIONAL MARITIME ORGANIZATION NUMBER 9398072,<br><br>Defendant In Rem,<br><br>FUJAIRAH INTERNATIONAL OIL & GAS CORPORATION,<br><br>Claimant,<br><br>- and -<br><br>STEVEN M. GREENBAUM, et al.,<br><br>Claimants. | ) | Civil Action No. 21-0305 (PLF) |

ORDER

Pending before the Court is movant Billy G. Asemani's Reply/Response to United States' Opposition to Billy G. Asemani's Motion to Intervene ("Reply") [Dkt. Nos. 83, 84]. On May 21, 2026, Mr. Asemani filed a Motion to Intervene Pursuant to Rule 24 of the F.R.C.P ("Mot.") [Dkt. No. 80]. On August 28, 2026, the Court denied Mr. Asemani's motion. See Memorandum Opinion and Order ("Op.") [Dkt. No. 82]. The Court subsequently received Mr. Asemani's reply, which was timely filed but returned to him in error, as explained in the Court's Order dated September 4, 2026. See Order [Dkt. No. 85]. In his reply, Mr. Asemani asks

the Court to grant him 45 days to file a supplemental or amended brief. See Reply. The Court ordered the United States to respond to Mr. Asemani's request, see Order, and the United States filed its response on September 9, 2026, see United States' Response to the Court's Order ("Response") [Dkt. No. 88].

Nothing in Mr. Asemani's reply persuades the Court to revisit its denial of Mr. Asemani's intervention motion. As the Court explained in its August 28 decision, even construing Mr. Asemani's motion—favorably to him—as a claim under Supplemental Rule G(5), that claim would not comply with the Supplemental Rules. See Op. at 4-5. Mr. Asemani asserts in his reply brief that he should be permitted to amend his motion because of his purported claim to the property based on a Maryland state court judgment against Iran. See Reply at Ex. 1 [Dkt. No. 83-2]. As the United States points out, however, "[t]hat is not new information," and Mr. Asemani's reference to the Maryland judgment does nothing to remedy his noncompliance with Supplemental Rule G(5). Response at 1-2. To participate in this forfeiture action, Mr. Asemani was required to "assert an interest in the specific property named as a defendant." Op. at 4 (quoting United States v. Fifty-Three Virtual Currency Accts., Civil Action No. 20-2227 (RC), 2025 WL 2732705, at *3 (D.D.C. Sep. 25, 2025)). He also "was required to file an answer or a motion under Rule 12 of the Federal Rules of Civil Procedure "within 21 days after filing the claim." Id. at 5 (quoting FED. R. CIV. P. SUPP. R. G(5)(b)). That deadline has come and gone. See id. And as this Court explained in denying Mr. Asemani's intervention motion, "[t]he less stringent standard for pro se litigants does not allow them to simply disregard the applicable [rules]." Id. (quoting United States v. All Assets Held at Bank Julius Baer & Co., 664 F. Supp. 2d 97, 102 (D.D.C. 2009)).

Accordingly, it is hereby

ORDERED that Mr. Asemani's request for 45 days to file a supplemental or amended brief [Dkt. Nos. 83, 84] is DENIED.

SO ORDERED.

Date: 2026.09.22
11:33:05 -04'00'

PAUL L. FRIEDMAN
United States District Judge

DATE: September 22, 2026